Good morning, your honors, and may it please the court. Pardon me. My name is Bill Rutzik, and I would like to reserve four minutes. I understand it's a 15-minute argument. Just watch the clock. Thank you. I'm going to talk about several issues in the case, but the first one I'd like to talk about is the first argument I think made in the briefs, that the ALJ's findings at ER 29, 31, and 32 did not follow the binding requirements of SSR 13-2. This all has to do with the drug and alcohol issue. That SSR 13-2P requires, and this is a quote, if a, quote, claimant is abstinent and remains disabled throughout a continuous period of at least 12 months, DAA is not material even if the claimant's impairments is gradually improving, close quote. Finding four, which I will point out under the Bustamante case, which is a Ninth Circuit case talking about DAA, is a necessary finding. In that finding, actually it says that the court found that the plaintiff's combined impairments met the medical listings for the entire period of October 2010 through December of 15, which was a closed period. So it's the entire relevant period. At ER 32, the ALJ found that Mr. Brown had a, quote, year plus period of sobriety for part of 2013 and 2014. Under the SSR that we've talked about, pardon me, given that there was a year plus period of sobriety during the relevant time period, and the judge found that he met the listings and thus was disabled for the entire period, including that period, DAA is not material. Now, when I read the ALJ's lengthy opinion, lengthy and detailed opinion, and I know we generally say that whether the agency's pathway can reasonably be discerned, it was pretty clear to me in reading it that the ALJ was saying that Mr. Brown was disabled when he was abusing alcohol and wasn't when he was sober. And so it struck me that that argument, you had two arguments on that point, the finding four was inconsistent with finding six, I think is what you said, and this 13-2P seems to say, well, the ALJ said he was disabled for this, I guess it was a five-year period, yet identified a year of sobriety. So that must mean that the ALJ found that he was disabled during the year of sobriety. But I didn't really see any language going to that. Was there any language where the ALJ said specifically looking at the year of sobriety, he was disabled during that period as well? It wasn't literally said, but it is. So he's looked at the whole period and said during this period he was disabled. Is that right? Well, the necessary implication. So it's all, it's the inference that we, or the necessary implication that we should draw, even though the ALJ didn't seem to be saying that at all in his opinion. Exactly. And in this situation, again, let me emphasize that that is a necessary, oh, sorry, a necessary finding. So it's, that is what he said. And I recognize that there is, let me back up, that there is arguably inconsistent language, but that language is there. And I would submit that particularly given the importance of that finding, if the, that this should be presented. In other words, oh, and the judge also, I'm sorry, I'm trying to, if you can hear me, I'll try and step back. The judge never addressed that DEAA provision. It's not clear if he knew about it or not. But there is at a minimum on its face a conflict, a matter which the ALJ, if it were remanded, which we're suggesting could deal with. But right now you have a situation which, and what I would submit is the only fair reading. I mean, it's an implication, but I view it as a necessary implication that if you say everything, you mean everything. Well, when he says everything, he emphasizes including his substance use disorder. And so you take that piece out. I'm not sure I agree. That's the logical reading. Well, but it is given the 13-.2p, which says that if there's a period of abstinence for more than a year, DEAA is not material. I mean, that's essentially the argument. It strikes me as sort of a gotcha type argument, because the ALJ, reading the opinion as a whole, the ALJ is clear that the impairment is during periods of alcohol abuse, not during periods of sobriety. And so say we agreed with you and said, well, there is an implication the ALJ misspoke. I mean, we would have to say misspoke, right? Because that's the import of the opinion is that the impairment is during periods of alcohol abuse. Again, there's an inconsistency there. But is there anything other than you've found this language talking about the five-year period in general? Is there anything elsewhere in the opinion that provides any support for your position that the ALJ thought that Mr. Brown was disabled during a period of sobriety? Well, I think it's responsive. He talks about it at ER 29. Then he goes through an analysis, much as you're talking about it, pages, I think, 30. And then at page 31, after that discussion, he repeats it. So it is not, and I think I quote, so it's not like it was just out of the blue. He says it in the numbered finding four. He goes through a several-page analysis and says it again. To me, if you're talking about inferences or how this works, it suggests that he meant it. I mean, he had just talked about some of the things you're talking about, and then he repeats the same thing. So I'd say that's a strong indication, or at least a good indication of that. Can I ask you about a different point, your due process point? Yes. What is the general bias that you claim existed here? The general bias is quoted accurately, and I'm at page four of the supplemental brief that defendants did. Brown claims that the ALJ was biased against a group of people and that, as a member of that group, he, Brown, was a victim of this bias, citing ERC. What group of people are you referring to? Two groups, and this is in the documents. Mr. Brown had both mental impairments and the bipolar, and he had received benefits and medical advice from DSHS, which is what we used to call the welfare department, the general assistance type department. And so the claim is that this judge was biased against people who had one or both of those things, and Mr. Brown had both. And did you raise that at any point below? Yes, we submitted. You raised his bias. I'm talking about the general bias. I thought your general bias claim was one addressed not just to this judge but to the entire process. No, I'm sorry. If I – no. It relates to – this is – by general bias, I don't mean general as in SSA doesn't think that. It's not an SSA bias. It's this judge has a – the term is sometimes used as general bias. It's not like he hates Mr. Brown because of Mr. Brown's unique characteristics. It's that it's a bias relating to the characteristic that I just talked about. That's what I meant by general bias. And that is an issue which, both under the regulations – I would submit it if I can segue into that – and due process is entitled to at least be heard. And the essence of my claim on that one is that – and the judge made it explicit. And I don't know if the court has read it, but he says at ER 24, in accordance with something called the HALEX, which is their procedural manual, I cannot consider the materials that Mr. Rutzig submitted with his request for recusal. And then on the next page he says, Mr. Rutzig submitted an allegation of general bias or a – and this is a quote – well, of general bias or a pattern of bias or misconduct by an ALJ against a group of particular category –  this issue is outside the scope of the issues I am adjudicating in this particular case. And so the district court – if I understand your argument, the district court said it couldn't reach that issue and your view is that the district court should have reached it. Is that correct? No, no. This is a kind of a unique situation. I'll talk about it. In a case that I talk about called Grant v. Shulela, which was a Third Circuit case authored by then-Judge Alito, he interpreted the Social Security Act to say that federal judges, including this court, cannot make findings of fact. They can review administrative findings of fact. And that's actually – oh, it's in the context of a bias claim, so it's really on point. So the issue here is the ALJ specifically said, I can't – it's outside my bailiwick. I can't deal with it. The Appeals Council is forbidden from doing it under SSR 13-1P. It's a different SSR, but it's the same thing, where it says – and I'm just quoting – similarly, if the Appeals Council receives an allegation about another issue that is beyond the scope of its authority, such as an allegation that an ALJ shows general bias or a pattern of bias or misconduct against a group or particular category of claimants, it says – it has to send it to something called the DQS, which is another branch of SSA, which significantly, A, has no authority to stop the decision made by an allegedly biased ALJ, and B, whose decisions are, according to the same SSR, not judicially reviewable. Therefore, nobody in the administrative context can make a decision on this. Therefore, under Grant, neither can the federal court. So what relief do you seek? Because we're seeking the relief saying that somebody – the gist of it would be it should be sent back and somebody at the administrative agency should consider this. You're saying the procedure that the Social Security Administration has is unconstitutional because it doesn't – Yes, and I wondered if I should use the term catch-22. But in other words, they don't decide it and you can't. In other words, they say they can't – they won't decide it. And if they don't decide it, you can't. So nobody decides it. Assume, as they were – and we haven't heard the thing – assume that somebody is – shows bias, a pattern of bias that everybody would agree. Assume that. I'm not saying this is it. You're stuck. There's nothing. There's no way it can be heard. So you've identified what may be a theoretical problem, but applying it to the particulars of this case, what is there that demonstrates the prejudice that is required for finding a due process violation? Well, finding a due – oh, the procedure is you're entitled to a hearing on whether somebody is biased. And I say Marshall versus Jericho. I mean, that's – So did you at some point say, if allowed to make this attack, we will produce the following evidence that shows general bias? Yes. It's in – it's ER – it was not in the, quote, record. It's ER 7003 through the next 30 pages. It's in the record that we have because you tried to submit it at the district court. But I'm kind of still waiting for a showing that tells us that there's an individual plaintiff here, your client, that has a sufficiently viable claim that this process should go forward. I submitted – it's now in this big record. All the stuff I submitted was like 2,000 pages. It was a number of things. And I tried to look at it, and it didn't tell me what I'm trying to find out. I mean, maybe because it was 2,000 pages. And I appreciate that, but the judge wouldn't even consider it. In other words – But then why should I consider it? Because – Well, what in there tells me that there's really a problem that pertains to your client? All right. In there, and I cannot give you because it's 2,000 pages, Judge Morris, who's the judge, repeatedly talks in denigrating terms about the honesty and work ethic of people who are receiving DSHS, repeatedly. Okay? That doesn't sound good, A, just for an appearance, if by some chance you're such a person. Okay? And so – and his decisions – and there are declarations from other people suggesting that he has the same thing. I mean, again, it's an extensive record. I didn't focus on it because I didn't think, under the argument I'm saying, that – in other words, I didn't think you guys, assuming Grant is right, that your position is we're going to look at it, and even though nobody – Well, we have to – I mean, you don't get relief for due process unless there's a showing of prejudice, and we don't even have a prima facie showing here, so I'm not – I'm still not sure why it is that this causes something we should be picking up. Well, again, Your Honor, I don't – and with all due respect, I think the prima facie showing is supposed to be at the agency level. They may disagree, and if they disagree, you may agree with them, but the way – as it was discussed in Grant, the way it's supposed to work is the – and it was literally a bias claim. It was literally a bias claim there, a general bias that we're talking about. And there, what the Third Circuit said is in that case, they sent it off to somebody to review this stuff, and they said, and that can be judicially reviewed, and that administrative ruling was in fact judicially reviewed back – it was remanded back to the district court, and the district court in that case found there was a good claim for bias. So in that – so in Grant, literally, if you follow it through, not just the Third Circuit opinion, but the subsequent opinion, they – after it was reviewed, they found bias. We took you over your time. I'll give you a minute for a rebuttal. Okay, Your Honor. Thank you. Sorry. I'm not good at looking at the clock. We'll hear from the government. Okay. Good morning, and may it please the Court. My name is Christopher Brackett. I'm here on behalf of the Commissioner of Social Security. I ask that you affirm the district court and uphold the ALJ's decision. And I think the first point I want to make on this bias due process issue goes largely to what Judge Clifton was asking about, is that we have to go back to what exactly Brown's assertion of bias here is. He's trying to establish a specific – a bias against him based on prior ALJ decisions. But his claim before us is not about the bias. His claim is that the procedure is sort of a Matthews v. Eldridge argument, that the procedure that's in place is inadequate to address his claim of bias. So he's really arguing about the procedure. He is arguing about the procedure, but a procedure he didn't use. Well, he says there isn't a procedure, which is correct. I mean, he certainly raised his issue to the ALJ, and the ALJ says, I can't address it. The Appeals Council, likewise, he raised it to the district court. The DQS is not a procedure. It's there in the administration's internal review process. So I don't understand what procedure he should have used. He got a final decision from an ALJ that he says is biased. Well, the procedure he should have used was – I mean, if he's challenging the constitutionality of SSR 13-1P, there is a procedure under there for him to use. He could have brought his claim to the Appeals Council and alleged that this ALJ's bias against this group of people led to a specific bias against me. Okay, and then he raised it to the district court, and the district court declined to consider it. So there was no hearing on his – I mean, he couldn't have had a hearing on that claim, correct? Isn't that correct, under your procedure? Well, there are procedures in place for the Appeals Council to conduct a hearing if it assumes jurisdiction. I thought they couldn't. Under that internal regulation, they have to refer it to DQS, which is not part of the hearing system. Well, the DQS addresses general claims of bias. So there couldn't have been a hearing on his claim of general bias. That's how I read the internal regulations. Well, with respect, I disagree because his claim of harm comes from a specific bias against him that stems from this general bias. So could the Appeals Council have heard – had conducted a hearing on his claim of general bias? My understanding is that they could have. Had they assumed jurisdiction over exceptions filed, claiming an abuse of discretion in the ALJ's decision, my understanding is that they can, if they deem appropriate, conduct a hearing. So even though it says claims of general bias must be referred to DQS, they could have ignored that and done it? Is there some rule in place that says they do have that authority? Well, I want to first state SSR 13-1P provides that going down one path or the other, they're not mutually exclusive. A claim can follow any of the paths articulated in that ruling. Can you point me to the document that says the Appeals Council can hear a claim of general bias? Well, I don't – I can't point to a document that says that exactly. What my point is is that a claim of general bias, for it to harm someone, for someone to have an actionable claim under general bias, they have to be the victim of that bias. So he says he is. He says he is. So if he was an African-American claimant, say, and he says this ALJ has a bias against African-American claimants generally, so where is that – how is that claim processed? If he says that and says as a result of this bias, he was biased – the ALJ was biased against me, then that's a claim that he could take to the Appeals Council. And the Appeals Council could look at it to determine whether the ALJ abused his discretion in hearing the claim. And could determine whether the ALJ has a general bias? Because as I read that language, it seemed to say it had to refer it to the DQS, and you haven't actually pointed me to anything that countermands that instruction. Well, SSR 13-2P says that it will review the claim to determine whether the ALJ has a general bias. But that does not – or not general bias, excuse me. It will review the claim to determine whether the ALJ abused his discretion in hearing a claim where he harbored a bias against the claimant. Now, he – to say that he's – picture it this way. If a claimant says that the ALJ is biased against African-Americans, but that claimant is not an African-American, he's still articulating a claim of general bias, but he's not stating that he was the victim of that bias. And he's – logically speaking, he would not be entitled to any kind of relief on his claim for benefits based on that bias. But that's not the case here, right? That's not the case here. Because he was – he does say that he has the characteristics that this ALJ is generally biased against. Right. That's what I'm saying, that this characterization of it as a general bias is kind of masking the issue. The issue here is whether the ALJ was biased against Mr. Brown. And whether that bias stems from some personal knowledge about Mr. Brown or whether that bias stems from a predisposition he had against a group of people, the ALJ had against a group of people. We're talking about bias that were – a specific bias that – a bias that leads to specific harm to Mr. Brown. So was the ALJ then incorrect to deny – refuse to admit the 2,000 pages of evidence of general bias? No, Your Honor. He was not. Because isn't – doesn't that go to his claim? So, in other words, if an African-American claimant says, the way I'm going to prove that you're biased against me is to show that in every case where there was an African-American claimant, you said denigrating things and you found against them. And then the ALJ could say, I'm not going to look at this evidence because it relates to other cases? Well, I wouldn't – I'm cautious to wander into hypotheticals like that. That's very analogous to this case. It's just instead of being African-American, it was a different characteristic. Well, if he can present evidence showing that he was – that the ALJ harbored a bias against him. But in – I would look to the specifics of this case. Where he says he did. And he's just said now in open court that, in fact, the 2,000 pages is replete with evidence of the ALJ's denigrating remarks against people on state welfare assistance. I would disagree with that characterization of this 2,000 – the 2,000 pages here. The evidence here was not probative to the issue of bias. Can we look at that evidence? Would that properly be for us to make that determination? Because the ALJ didn't admit it into the record. He did not admit it. But he made his findings on the motion to recuse and denied that. And so the court could review his denial of the motion to recuse and his denial of admitting that evidence into the record. So the claimant would then have a mechanism under 405G, the jurisdictional statute of the Social Security Act, to get that evidence before the agency on court order. So the court could – if it determines that that evidence is material to the claim, the court could remand it for consideration of that evidence. However, the evidence here does not rise to the level – Oh, the – how would that work? So we would say the district court – we remanded the district court and the district court remands to the agency and says include that information into the record or what? I believe that's how – it's a procedure I haven't seen used often. But for a sentence 6 remand, it's sentence 6 of 405G, provides that there is – that if the claimant presents new and material evidence, then the court can order remand for the agency to incorporate that into the record and make a new decision. So, in fact, the ALJ did err in not looking at the – in not admitting that evidence because the evidence went to whether the ALJ was biased against this sort of claimant. And so you're saying the ALJ could review that sort of evidence in order to determine whether there was bias against the particular claimant before him. I disagree, Your Honor. The ALJ did not err, and I'm not saying that this particular evidence – Well, maybe I'm missing here the point. But if you're going to say that the ALJ is biased, using Judge Okuda's example, against African Americans in our hypothetical, how can you prove that except by looking at a bunch of cases? To look at one single case would never, perhaps in really strong language, be a sufficient way to prove it. But if you could show that how – what he said and how he acted in 30 cases, that's a circumstantial – strong circumstantial evidence, perhaps, of bias. So how – on what basis could this be excluded? Well, Your Honor, I'd have to say it would have to be more than just the decisions. There would have to be decisions compared to other decisions that are outside the characteristics that are at issue here. There would have to be – we'd have to have some idea of whether – Well, that doesn't really respond to the question because the question is whether the ALJ erred in not looking at a range of cases that didn't relate to the particular case before it because that's the only way you can show bias, whether it's cases involving persons with that characteristic or cases of both types, with and without. But still, you would have to review them in order to make the determination. Well, the ALJ looked at them, and he discussed the records at length in his decision, but he concluded that they were not material to the issue here because looking at that evidence, it's decisions from his – from prior cases for a short span of time, handpicked by plaintiff's counsel to try to establish bias. We have no idea what happened with those cases on district court appeal, if there were any. For all we know, there were 49 decisions properly decided. So that's sort of a trust us. The ALJ just lists trust the ALJ ruling in his own case based on evidence that is not part of the record because he didn't admit it. Isn't that what you're saying? It's not so much a trust us, Your Honor, and that's not exactly what I'm saying. I'm saying the claimant has a high bar to prove bias, and it has to be an actual bias. It cannot be just an appearance of bias. And if the judge who's accused of bias rules against him, then, as I understand it, there's no obvious route of administrative appeal. The – all the appeals – it depends how it's characterized, but all the appeals counsel can do – you're saying maybe they can hold a hearing. At least the regulations seem to suggest they have to refer it off to another group. In any event, there's no – they don't treat it the same way they treat appeals on any other issue, correct? They review it under the abuse of discretion standard, which is one of the standards that they review ALJ decisions on, on the merits of a disability claim. So you're saying it takes two paths. That is, your reading of 131P is focusing on the phrase, the appeals counsel will process the request, review, and acknowledge the allegations in the notice, order, or decision, so that they deal with it in the individual claimant's case, and that, in addition, they refer it off to the Division of Quality Service. They can, yes, Your Honor. Is there – I confess I hadn't looked at it that way until I read your supplemental brief. Is there anything that illustrates how the appeals counsel has, in fact, processed this kind of claim or considered this kind of claim with regard to a particular claimant? At which point, it would be subject to review thereafter, and the problem here is that if the appeals counsel doesn't, in fact, give consideration – I mean, it's theoretical in this case because the appeals counsel wasn't presented with this argument, but you're presuming that if they had been presented with this argument, they would have dealt with it. And is there anything that tells us that's the case? Well, Your Honor, we presume that the appeals counsel acts in good faith and knows the – Is there any other case where the appeals counsel has made it clear that it is processing and considering and adjudicating that kind of argument? Not to my knowledge, Your Honor. How can it be an abuse of discretion issue on a question of bias? So you're saying that the way – theoretically, the way they could directly review it is, say, the judge did not abuse his discretion in determining that he was not biased. That sounds pretty funny to me. Doesn't it mean that it never gets to be looked at by someone other than the very judge who's being accused? Well, the language of the abuse of discretion comes from the CFRs that provide jurisdiction for the appeals counsel to review an ALJ's decision. Well, I understand that, but I'm just saying in this – I'm looking at more from the due process constitutional aspect. It's a funny thing to apply to this kind of situation. Yes, but this is – I believe Ninth Circuit law has it that an abuse of discretion standard applies to motions to recuse. I believe that would be Bunnell v. Barnhart. Okay. And that would be what we're dealing with here. The ALJ was faced with a motion to recuse, but the evidence had little probative value backing up that motion, and it did not reach this court's stated standard of actual bias, not appearance of bias. Brown cannot show actual bias with this evidence, and thus the ALJ properly excluded it. If the appeals counsel did have the authority to adjudicate a biased claim with regard to a particular claimant, but the record formed before the ALJ didn't include the additional evidence, could the additional evidence be put into the record before the appeals counsel? I mean, what is it the appeals counsel would look at to adjudicate the claim? Well, the appeals counsel looks at the record, but the regulations for appeals counsel review do provide a mechanism for getting new evidence or evidence that's material but not in the record before them. The claimant can submit the evidence under 404970 to the appeals counsel with any sort of request for review. And you're saying that was not done here? That was not done here. If the appeals counsel finds it material, they can add it to the record. If the court has no further questions, then I'll ask that you affirm the district court judgment and uphold the ALJ's decision. Thank you. Thank you. You all have it, but so I'm just going to, when the SSR 13-1P says similarly if the appeals counsel receives an allegation about another issue that is beyond the scope of its authority, such as dot, dot, dot, a pattern of bias or misconduct against a group or particular category of claimants, it will refer it to the DQS. So government says that there's already a mechanism to get a review because you could, you go to the ALJ, the ALJ denies the claim of bias in your case, based on this general bias allegation, and then you can appeal to the appeals counsel and present the 2,000 pages of evidence to the appeals counsel, which then can determine whether the ALJ abuses discretion in not recusing in your client's case. Why isn't that sufficient? Well, in part, and here, I guess to the extent that he said there is one, I've actually had several cases where I've attempted to do stuff like that, and they don't do it. I mean, and this is awkward, but since he has nothing, I've actually tried. Plus the hallux that I was talking about says, which applies across the board, says you return the stuff, you can't use it. I mean, so I guess I'm saying in, I actually have tried this. So as a theoretical matter, there may be a pathway, but as a practical matter, it's rejected. I'm sorry, I didn't mean to interrupt. It hasn't worked, and that language certainly seems to me to suggest that it does. In other words, beyond your authority sounds like it's beyond your authority. I mean, why would they have said it? In this case, what, if anything, did you present on this issue to the appeals counsel? I didn't because this was a remand proceeding, so under their rules, you go directly to court. I didn't do it because, both because of the SSR and because I had tried it before, and they paid no attention to it, and it would take an extra year to get there. I mean, this isn't, usually the route goes ALJ, appeals counsel, federal court. Here, it was a remand, and when it's a remand, it just goes back to the ALJ, and then it can go directly to court. So if I had thought, I'll tell you the truth, if I had thought there was a chance that they would have, I would have tried, but given the HALEX, given the SSR, and given that I had tried it several other times to no effect, I didn't. But again, this is not in the record, but since he was kind of saying you can't, I guess I can say I've tried and you can't. All right, we took you way over your time, so we thank both sides for their argument. The case of Brown v. Saul is submitted.
judges: Clifton, Ikuta, Rakoff